IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RITTENHOUSE PLAZA, INC., Plaintiff,** | : | |
| **v.** | : | **Civ. No. 26-4829** |
| **FEDERAL INSURANCE COMPANY, Defendant.** | : | |

**Diamond, J.** **November 17, 2026**

**MEMORANDUM**

Rittenhouse Plaza, Inc. charges that Federal Insurance Company breached its insurance contract, and seeks a declaration that Federal thus has a contractual duty to defend and indemnify RPI. (Doc. No. 1-1.) The Parties have cross-moved for judgment on the pleadings. (Doc. Nos. 9, 15.) Because the subject policy explicitly excludes coverage for the harm RPI purportedly suffered, Federal has breached nothing and has no duty to defend or indemnify. Accordingly, I will grant Federal's Motion. (Doc. No. 15.)

## I. BACKGROUND

RPI is a Pennsylvania corporation that operates as a housing cooperative for the Rittenhouse Plaza—Philadelphia apartment building. (Doc. No. 1-1 ¶ 3.) From February 2023 to February 2024, RPI maintained a Federal Directors and Officers Liability Insurance Policy, which covers claims based on a "wrongful act." (Doc. No. 4-1.) As would be expected in a D&O Policy, it also includes the following Absolute Property Damage Exclusion:

> The Company shall not be liable for Loss on account of any Claim where all or part of such Claim is directly or indirectly based upon, arising from, in consequence of, or in any way related to any Property Damage.

(Id. at 47.) Property Damage is defined as "(1) damage or destruction of any tangible property, or (2) the loss of use of tangible property whether or not such property is damaged or destroyed." (Id. at 24.)

In June 2023, following a cement explosion at a nearby construction site, two residents of Rittenhouse Plaza filed a state court lawsuit against RPI, the construction company working at the site, and the cement subcontractor. (Doc. No. 4-2); Philip E. Tetlock and Barbara A. Mellers v. Hunter Roberts Construction Group, LLC, et al., June Term 2023, Case No. 23-0601242 (C.P. Phila.). The residents alleged that RPI had breached their residential leases by failing to maintain and repair their building (Count III) and violated the Pennsylvania Real Estate Cooperative Act, which requires real estate cooperatives to act in "good faith" and make records "reasonably available to their residents" (Count IV). 68 Pa. Cons. Stat. §§ 4112, 4317(b). The residents made the following factual allegations in support of Counts III and IV:

> Plaintiffs have requested that [RPI] provide information relating to its plans to repair and maintain the Common Elements and the Limited Common Elements of the Building surrounding or impacting Plaintiffs' Unit that were damaged by the cement explosion.
>
> Despite those requests, [RPI] has not repaired or maintained the Common Elements and the Limited Common Elements of the Building surrounding or impacting Plaintiffs' Unit that were damaged by the cement explosion, nor has [RPI] provided Plaintiffs with any information relating to its plans to repair and maintain the Common Elements and the Limited Common Elements of the Building surrounding or impacting Plaintiffs' Unit that were damaged by the cement explosion.
>
> ***
>
> Despite repeated requests, Defendant Rittenhouse Plaza has failed and refused to allow Plaintiffs the opportunity to inspect the records relating to the repair and maintenance of the Common Elements and Limited Common Elements of the Building surrounding or impacting Plaintiffs' Unit.
>
> [RPI] has impeded the flow of essential information about the scope, timing and exact nature of the repairs planned for Plaintiffs' Unit, and Defendants' insurance

> coverage for the damages, making it impossible to determine the full range of Plaintiffs' damages.

(Doc. No. 4-2 ¶¶ 65-78, 39-75.) RPI provided Federal with notice of this Underlying Lawsuit. (Doc. No. 4-3.) In its Coverage Letter, Federal responded, inter alia, that the Policy's Absolute Property Damage Exclusion released Federal from any duty to defend and indemnify RPI because "[a]ll the allegations against [RPI] arise from the alleged damage . . . resulting from the 'cement explosion.'" (Doc. No. 4-4.) RPI thus charges that because this denial is a breach of its insurance contract, it seeks a declaration that Federal has a contractual duty to indemnify and defend RPI in the Underlying Lawsuit. (Doc. No. 1-1.) After RPI brought the instant suit in state court, Federal removed to this Court and answered. (Doc. Nos. 1, 4.) The Parties now cross move for judgment on the pleadings. (Doc. Nos. 9, 15.)

## II. LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings include complaints, answers, and counterclaims. Fed. R. Civ. P. 7(a). Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). The Rule 12(b)(6) dismissal standard applies. Gebhart v. Steffen, 574 F. App'x 156, 158 (3d Cir. 2014) (citing Turbe v. Gov. of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). I must accept as true the factual allegations of the non-moving party and draw all reasonable inferences in its favor. See Fowler v. PMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

## III. DISCUSSION

I accept RPI's factual allegations as true and draw all reasonable inferences in its favor. See Zimmerman v. Corvett, 873 F.3d 414, 417-18 (3d Cir. 2017). Under Rule 12(c), I may consider

all documents attached to RPI's Complaint and Federal's Answer—including the Policy and the Complaint in the Underlying Lawsuit—but may not consider any documents attached only a Party's' Motion. See Certain Underwriters at Lloyd's London v. Peerstar, LLC, 649 F. Supp. 3d 73, 77 (E.D. Pa. 2023).

RPI urges that because the tenants in the Underlying Lawsuit accuse RPI of committing a "wrongful act" (violating the PRECA), Federal is contractually obligated to indemnify and defend RPI. (Doc. No. 9.) Federal urges that the Absolute Property Damage Exclusion releases Federal from this contractual obligation. (Doc. No. 15.) Federal is plainly correct.

Both Parties note that Pennsylvania law applies. I agree. See Indian Harbor Ins. Co. v. F&M Equip., Ltd., 804 F.3d 310, 313 (3d Cir. 2015) ("[A]n insurance contract is governed by the law of the state in which the contract was made."). In Pennsylvania, "[a]n insurer's duty to defend is broader than its duty to indemnify." Erie Ins. Exch. v. Moore, 228 A.3d 258, 265 (Pa. 2020). "If the complaint filed against the insured avers facts which would support a recovery that is covered by the policy, it is the duty of the insurer to defend." Erie Ins. Exchange v. Transamerica Ins. Co., 533 A.2d 1363, 1368 (Pa. 1987). Moreover, "the underlying complaint need only contain at least one allegation that falls within the scope of the policy's coverage [for] the duty to defend [to be] triggered." Vitamin Energy, LLC v. Evanston Ins. Co., 22 F.4th 386, 394 (3d Cir. 2022) (internal quotations omitted).

The Parties dispute the coverage the Policy provides and the Exclusion's application. (See Doc. Nos. 9, 15.) I must construe Federal's Policy "as a whole, not in discrete units." J.C. Penney Life Ins. Co. v. Pilosi, 393 F.3d 356, 363 (3d Cir. 2004) (internal quotations omitted). I am required to give effect to clear and unambiguous Policy language. Gene & Harvey Builders, Inc. v. Pa. Mfr.'s Assoc. Ins. Co., 517 A.2d 910, 913 (Pa. 1986). A policy is ambiguous only "if it is

reasonably susceptible of different constructions and capable of being understood in more than one sense." Kripp v. Kripp, 849 A.2d 1159, 1163 (Pa. 2004). I "should read policy provisions to avoid ambiguities if possible and should not torture the language to create them." Spezialetti v. Pac. Emp'rs Ins. Co., 759 F.2d 1139, 1142 (3d Cir. 1985). Finally, "in Pennsylvania . . . , exclusions are strictly construed against the insurer, as are ambiguities." Selko v. Home Ins. Co., 139 F.3d 146, 152 n.3 (3d Cir. 1998).

Here, the Exclusion is explicitly broad. In interpreting a nearly identical policy exclusion, the Third Circuit ruled that "[t]he language 'based upon, arising from, or in any way related to' is sweeping in scope; the phrase 'arising from' requires only but-for causation (not proximate causation), and the phrase 'in any way related to' seems to permit an even looser connection." Twin City Fire Ins. Co. v. Glenn O. Hawbaker, Inc., 118 F.4th 567, 576 (3d Cir. 2024) (citing USA Gymnastics v. Liberty Ins. Underwriters, Inc., 27 F.4th 499, 524 (7th Cir. 2022) (per curiam)).

RPI first simply reads the Exclusion out of existence. It notes that Count IV of the tenants' complaint alleges "a violation of a duty imposed upon [RPI] under [the PRECA]," RPI thus urges that this "allegation[] fit[s] squarely with the definition of a Wrongful Act under the D&O Policy." (Doc. No. 9 at 6.) RPI then seeks to construe Count IV as entirely separate from the rest of the complaint, which makes clear that Count IV "is directly or indirectly based upon, arising from, in consequence of, or in any way related to Property Damage." (Doc. No. 4-1 at 4-7.)

RPI's reliance on Pennsylvania cases restrictively interpreting the terms "arising from" or "arising out of" in isolation is unpersuasive, as the Exclusion's language here goes well beyond those phrases. (Doc. No. 9 at 15-20.) Accordingly, the Exclusion, at minimum, excludes from coverage all litigation where property damage is a but-for cause of "all or part of" a claim. See

HR Acquisition I Corp. v. Twin City Fire Ins. Co., 547 F.3d 1309, 1316 (11th Cir. 2008) (stating that "in any way related to" sets a "low standard" for a policy exclusion to apply).

The Court also "must examine the complaint in the underlying action to ascertain if it triggers coverage." General Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). I will thus compare "the four corners of the insurance contract to the four corners of the complaint." Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 541 (Pa. 2010). Most paragraphs referring to RPI in the residents' Complaint explicitly mention the "cement explosion" or "damage." These allegations are certainly "directly or indirectly based upon, arising from, in consequence of, or in any way related to" property damage. (Doc. Nos. 4-1 at 47; 4-2 ¶¶ 39-79.)

RPI nonetheless urges that a single paragraph of that Complaint is "sufficient" to trigger Federal's duty to defend:

> Despite repeated requests, Defendant Rittenhouse Plaza has failed and refused to allow Plaintiffs the opportunity to inspect the records relating to the repair and maintenance of the Common Elements and Limited Common Elements of the Building surrounding or impacting Plaintiffs' Unit.

(Doc. Nos. 9 at 17 n. 12; 4-2 ¶74.) RPI alleges that because some of these "records" concern property that "had been damaged and required replacement prior to the concrete spill," the Absolute Property Damage Exclusion does not apply to the property damage caused by the cement explosion. (Doc. No. 9 at 17 n. 12.) Surely this contention refutes itself.

First, the Exclusion applies even when a claim is partly—not entirely—premised on property damage. (Doc. No. 4-1 at 47.) Moreover, as the Exclusion's language provides, its application is not limited to property damage caused by cement explosions. Rather it explicitly applies to property damage generally. In these circumstances, nothing in the Underlying Lawsuit triggers coverage, and Federal is under no duty to defend RPI. Accordingly, it also has no duty to indemnify RPI. See, e.g., Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005)

("Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend."); Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006) ("[I]f [the insurer] does not have a duty to defend [the insured] in this suit, neither does it have the duty to indemnify.")

## IV. CONCLUSION

RPI's breach of contract claim is exclusively premised on a theory that Federal "was contractually obligated to provide a defense and indemnify RPI in the Underlying Lawsuit." As I have discussed, Federal has no duty to defend or indemnify RPI in the Underlying Lawsuit. RPI's breach of contract claim thus fails. Accordingly, I will grant Federal's Motion for Judgment on the Pleadings (Doc. No. 15) and deny RPI's Motion. (Doc. No. 9.)

An appropriate Order follows.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.